Yard v. Larison.

---

## WILLIAM S. YARD, trustee &c.,

### v.

### GEORGE LARISON.

A testator devised two houses and lots to two trustees, to receive the rents thereof, and to apply them to the maintenance of his daughter's children, with a direction to sell after his youngest grandchild should have attained its majority. Before that time both trustees died, and the complainant was appointed by the orphans court to execute the trust, the order of his appointment providing that he should not sell the premises without giving additional security. After the youngest grandchild was twenty-one years old, he gave the additional security, which was approved by the orphans court, and sold the property at public sale, the defendant buying one of the houses. On a bill by the trustee for specific performance—*Held*, that, under the statute, the order of the orphans court conferred upon the complainant the power of sale vested by the will in the original trustees, and that the defendant must carry out his purchase.

Bill for specific performance.  On final hearing on pleadings and proofs.

*Mr. B. Gummere*, for complainant.

*Mr. J. S. Aitkin* for defendant.

THE CHANCELLOR.

Jesse Redman, deceased, late of Mercer county, died December 5th, 1866.  By his will, he devised to Wollaston Redman and Samuel Wooley, and to the survivor of them, two houses and lots in Trenton, in trust to, and for the following uses and purposes, viz., to receive the rents, issues and profits thereof, and apply them, in the first place, to the payment of taxes, and to keeping the property in repair and insured, and to the payment of all necessary expenses of collection; and secondly, to apply them in their discretion, or in the discretion of the survivor of them, or of such trustee or trustees as, in case of their decease, might be appointed to execute the trust, for the education, support and maintenance of the children of his daughter, Catharine R. Mills, deceased, according to their necessities and circumstances &c., and on the further trust, to sell the property when the youngest of those children should have attained to majority, and divide the proceeds equally among all of those children then living, and the children of any of them who might then be dead, as representatives of their deceased parent; with power to said trustees, or the survivor of them, to make, execute and deliver good and sufficient conveyance for the property, and every part thereof, without any liability on the part of the purchaser or purchasers, for the appropriation of the purchase-money &c.  Both of the trustees died after the probate of the will, and before the youngest of Catharine's children attained to majority, and consequently before sale of the property.  After their death, the orphans court of Mercer county, by order of November 19th, 1869, appointed William S. Yard trustee in their stead.  The order of appointment, after reciting the trust as contained in the will, the death of the trustees therein named,

and the application for the appointment of a new trustee in their
stead, proceeds as follows :

"And it appearing to the court that William S. Yard is a suitable person to·
execute the said trust—that is to say, that he shall receive the rents, issues and
profits of said real estate, and apply the same, in the first place, to the payment.
of taxes, and to keeping the said property in repair and insured, and of all·
necessary expenses of collecting; and secondly, to apply the same, in his dis-
cretion, for the education, support and maintenance of the children of Cath-
arine R. Mills, deceased, according to their necessities and circumstances, as·
directed by said will: It is, on this 19th day of November, 1869, ordered and:
directed that the said William S. Yard be, and he is·hereby appointed trustee,.
to execute such trust in the room and stead of the said Samuel Wooley and.
Wollaston Redman, deceased, so far as directed by the foregoing order, upon·
his entering into bond to the ordinary of the state of New Jersey, in the sum
of $5,000, with George F. Brown and Joseph B. Yard as sureties for the due·
performance of said trust, but the said William S. Yard shall have no power
to dispose of said real estate as directed in said last will and testament, until.
he shall have given further security as may be approved of by this court."

The complainant gave the bond, and entered upon the execu--
tion of the trust. In January, 1884, he represented, by peti--
tion to the orphans court, that it had become necessary for him,
as trustee, to dispose of the real estate, as directed by the will,
and he offered Joseph B. Yard and Joseph McPherson as his
sureties in a bond to be given according to law. Whereupon,
the court, on the 15th of that month, ordered that he proceed to··
execute the trust (to sell), and approved his bond. He sold the
properties at public auction, and for one of them the defendant
was the highest bidder. The latter signed the acknowledgment
of his purchase. By the conditions of sale, the deed was to be·
delivered on the 1st day of April, 1884. The complainant pre--
pared and signed the deed in the latter part of March. The·
defendant borrowed it with a view to borrowing money by mort-
gage upon the property, to enable him to complete his purchase.
Before the 1st of April he returned it, stating that it "was not a.
good deed." He did not apply for the deed on the 1st of April.
The complainant, immediately after he was informed of the ob--
jection to the deed (which appears to have been upon the ground
that he had no title to the property, and that the order of ap--
pointment was invalid), set about obviating the objection of want.

of title, and got the heir-at-law of Wollaston Redman, who survived his co-trustee, to join him (with her husband) in a deed to the defendant. He tendered the new deed to the defendant on the 3d or 4th of April, but the defendant refused to accept it.

The principal question is, whether, under the order of the orphans court, the complainant obtained title to the trust property, so that his deed therefor would convey a good marketable title. By the orphans court act (*Rev. p. 777* § *114*), it is provided that when any trustee appointed by last will shall neglect or refuse to act, or shall die before the execution and completion of the trust committed to him, the orphans court of the county in which the testator resided at the time of his death, shall have power to appoint some suitable person or persons to execute such trust &c., and that the trustee or trustees so appointed shall have all the power of the trustee or trustees so neglecting, refusing or dying. By the act, the court is authorized and required to take from such trustee or trustees, a bond with one or more sufficient sureties, being freeholders, conditioned for the due performance of the trust. The trustee or trustees appointed by the court are clothed, by the act, with all the power of the trustee or trustees, in whose stead he or they are appointed. The complainant, therefore, under his appointment, had power to sell and convey. It is familiar law that the execution, by the donee, of a mere naked power to sell and convey, passes the title, notwithstanding the fact that he is possessed of such mere naked power only, and the title is in some one else. *Gest* v. *Flock, 1 Gr. Ch. 108.* Therefore, if the order of the orphans court was a valid appointment of the complainant as trustee in the stead of the trustees under the will, he had power to sell and convey the legal title, although it was vested in the heir-at-law of Wollaston Redman.

But it is urged that the appointment itself was invalid. This objection is based upon the allegation that the first order conferred on the complainant no power to sell, but only a power to receive the rents, issues and profits of the property and apply them. But the first order obviously appointed the complainant trustee in the place of the trustee under the will, and merely restrained him from exercising the power of sale until he should

have given such further security as might be satisfactory to the court in that respect. By the second order his security was approved, and the restraint removed. The first order appoints him trustee to execute "such trust" in the room, and stead of the trustees appointed by the will, so far as directed by "the foregoing order" (obviously meaning the next preceding recital), upon his giving bond in the sum of $5,000, with George F. Brown and Joseph B. Yard as sureties, for the due performance of "said trust;" but provides that he shall have no power to dispose of the real estate until he shall have given further security. The order appoints him trustee to execute the trust under the will, but provides that he is to act only to a certain extent until he shall have given further security. It contemplates no further order of appointment, but only the giving and approval of further security.

But further, if it were conceded that the first order was an appointment to execute only part of the duty of the trustees, the two orders, taken together, constituted a complete appointment. The court had jurisdiction of the subject, had power to appoint a new trustee, and if it exercised its jurisdiction and appointed the trustee, he must be held to be possessed of the powers which the statute confers. Those powers are not derived by grant from the court, but from the statute, and are incident to his appointment. The statute declares that the trustee appointed shall have all the power of the testamentary trustee whom he succeeds. The objection made on the ground of the alleged invalidity of the appointment of the complainant is without substance.

The defendant made no objection to the form or execution of either of the deeds which the complainant prepared. His objection, according to his own testimony, was to the title. Before the 1st day of April he refused to take the title, and he did not appear on that day to take his deed at the time and place when and where, according to the conditions, the deed was to be delivered, although the complainant was there. The latter is in no default. There will be a decree requiring the defendant to perform his contract.